IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HERBERT RIFKIN,** | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| | : | |
| v. | : | No.: 19-cv-5686 |
| | : | |
| **FITNESS INTERNATIONAL, LLC, et al.,** | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| **HERBERT RIFKIN,** | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| | : | |
| v. | : | No.: 20-cv-4547 |
| | : | |
| **SEVENTH VENTURE, LLC, et al.** | : | |
| Defendants. | : | |

## MEMORANDUM

**SITARSKI, M.J.**                                                                                         **March 19, 2021**

Presently pending before the Court in case number 19-5686 are Plaintiff's Motion to Compel Depositions and Extend Deadlines (Pl.'s Mot. to Compel and Extend, ECF No. 30), Defendant Fitness International, LLC's ("Fitness") Response in Opposition and Cross-Motion for a Protective Order and to Compel Plaintiff's Deposition (Fitness's Resp. and Cross-Motion, ECF No. 31), Plaintiff's Response in Opposition to the Cross-Motion and in Further Support of the Motion to Compel and Extend (Pl.'s Resp., ECF No. 35) and Fitness's Reply in Support of the Cross-Motion. (Fitness's Reply, ECF No. 33). Presently pending before the Court in case number 20-4547 are Plaintiff's Motion for Remand to Pennsylvania Court of Common Pleas (Pl.'s Mot. for Remand, ECF No. 3), Defendants Seventh Venture, LLC ("Seventh") and Eighth Venture, LLC's ("Eighth" or, together with Seventh, "Ventures") response thereto (Ventures' Resp., ECF No. 6), and Ventures' Motion to Consolidate (Ventures' Mot. to Consol., ECF No.

2).  For the reasons that follow, Plaintiff's Motion to Compel Depositions and Extend Deadlines is **GRANTED IN PART** and **DENIED IN PART**, Fitness's Cross-Motion for a Protective Order and to Compel Plaintiff's Deposition is **GRANTED IN PART** and **DENIED IN PART**, Plaintiff's Motion for Remand is **DENIED** and Ventures' Motion to Consolidate is **GRANTED**.

**I.      FACTUAL AND PROCEDURAL HISTORY**[1]

On December 22, 2017, Plaintiff, an LA Fitness member, allegedly slipped and fell outside the shower area in the men's locker room at the club's Bensalem, Pennsylvania location due to the lack of a non-slip mat in the area. (Compl., Case No. 19-1586, ECF No. 1, at ¶¶ 5-6; Sept. 14, 2020 Ltr., Case No. 19-1586, ECF No. 30-4, at 3).  At the time of the incident, the Ventures[2] owned the property and Fitness operated it.  (Compl., Case No. 19-1586, ECF No. 1, at ¶¶ 1, 4; Compl., Case No. 20-4547, ECF No. 1, at ¶ 7).

Plaintiff filed separate negligence actions against Fitness and the Ventures, which the defendants in each case removed to this Court. (Compl., Case No. 19-1586, ECF No. 1; Compl., Case No. 20-4547, ECF No. 1).  Plaintiff has filed a motion to remand their case against the Ventures.  (Pl.'s Mot. for Remand, Case No. 20-4547, ECF No. 3).  The Ventures oppose remand and have moved, unopposed, to consolidate the case with the one against Fitness. (Ventures' Mot. to Consol., Case No. 20-4547, ECF No. 2; Ventures' Resp., Case No. 20-4547, ECF No. 6).  In that case, Plaintiff and Fitness have filed cross-motions to compel depositions. (Pl.'s Mot. to Compel and Extend, Case No. 19-1586, ECF No. 30; Fitness's Resp. and Cross-

---

[1] These cases share the same set of operative facts.

[2] Although Seventh merged into Eighth in 2005, property records continue to list Seventh as the owner of the premises.  (Cert. of Merger/Consol., Case No. 20-4547, ECF No. 3-3; Owner Hist., Case No. 19-5686, ECF No. 3-4).

Motion, Case No. 19-1586, ECF No. 31).  Plaintiff also moves, unopposed, to extend case deadlines, and Fitness moves for a protective order limiting the scope of the corporate representative deposition requested by Plaintiff.  (Pl.'s Mot. to Compel and Extend, Case No. 19-1586, ECF No. 30; Fitness's Resp. and Cross-Motion, Case No. 19-1586, ECF No. 31).

II.     **PLAINTIFF'S MOTION TO REMAND**

Before addressing any consolidation, I must first determine whether the case against the Ventures should remain in this Court.  Plaintiff contends that I should remand it to the Philadelphia Court of Common Pleas for four reasons.  First, Plaintiff claims that removal was improper because the Ventures have their principal place of business in Pennsylvania.  (Pl.'s Mot. to Remand, ECF No. 20-4547, at ¶¶ 19-21).  Second, he maintains that the Ventures waived their right to remove this case by participating for nine months in the earlier state court litigation.  (*Id.* at ¶¶ 24-25).  Third, he posits that "in the interest of justice" the Ventures may not remove from Pennsylvania state court an action alleging that their negligence injured a Pennsylvania resident when they have owned real property in Pennsylvania for over 15 years.  (*Id.* at ¶ 32).  Fourth, he appears to argue that the case should return to state court because it "will require the application of Pennsylvania substantive law."  (*Id.* at ¶ 33).

I address Plaintiff's arguments in turn.  As Plaintiff observes, a civil action is not removable solely on the basis of diversity of citizenship if any defendant "is a citizen of the State in which such action is brought," and a corporation has citizenship in the state(s) of its incorporation and principal place of business.  (*Id.* at ¶¶ 18-19 (citing 28 U.S.C. § 1441(b)(2))).  Plaintiff thus concludes that the Ventures did not properly remove this matter because they allegedly have their principal place of businesses in Pennsylvania.  (*Id.* at ¶ 20).  However, the Ventures are limited liability corporations, and "the citizenship of an LLC is determined by the

3

citizenship of its members," not its principal place of business. *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (citations omitted). Here, Seventh merged into Eighth, and the members of Eighth reside in New Jersey and New York, not Pennsylvania.[3] (Cert. of Merger/Consol., Case No. 20-4547, ECF No. 3-3; Seventh's Rule 7.1 Discl. Stmt., Case No. 20-4547, ECF No. 6-3, at 1; Eighth's Rule 7.1 Discl. Stmt., Case No. 20-4547, ECF No. 6-4, at 1-2). Therefore, neither Seventh nor Eighth is a citizen of Pennsylvania, and removal to this Court was not improper due to the presence of a forum state defendant.

Second, the Ventures did not waive the right to removal by participating in the state court litigation for approximately nine months. The Ventures spent seven of these months waiting for Plaintiff, who had initiated the action by writ, to file a complaint. (Defs.' Notice of Removal, Case No. 20-4547, ECF No. 1, at ¶ 1; Pl.'s Mot. to Remand, Case No. 20-4547, ECF No. 3, at ¶ 26). Although the Ventures filed a rule to force Plaintiff to file a complaint, a case management conference memorandum and ultimately an answer with new matter, such filings do not waive the right to removal. *See Boggs v. Harris*, 226 F. Supp. 3d 475, 482 (W.D. Pa. 2016) ("District courts in our Circuit have found that waiver has not been established when defendants attend and participate in a scheduling conference, file preliminary objections, file a praecipe to file a complaint and a praecipe for judgment of non pros, and file an answer." (quoting *Cognetx, Inc. v. Haughton*, No. 10–2293, 2010 WL 3370761, at *6 (E.D. Pa. Aug. 26, 2010))).[4] The Ventures' timely filed their September 17, 2020 notice of removal within 30 days of receipt of Plaintiff's

---

[3] Even if a limited liability corporation had citizenship in the state of its principal place of business, Eighth's principal place of business is in New Jersey, not Pennsylvania. (Eighth's Rule 7.1 Discl. Stmt., Case No. 20-4547, ECF No. 6-4, at 1).

[4] Indeed, "most actions taken by a defendant prior to removal do not constitute a 'clear and unequivocal' waiver of the right to remove," as required to remand an action. *Boggs*, 226 F. Supp. 3d at 482.

complaint filed August 26, 2020.  (Defs.' Notice of Removal, Case No. 20-4547, ECF No. 1; Compl., Case No. 20-4547, ECF No. 1; *see also* 28 U.S.C. § 1446(b)(1)).

Third, Plaintiff cites no basis for his equitable argument that property ownership in the Commonwealth for a sufficient duration somehow waives an out-of-state owner's right to remove a case against it to federal court.  (Pl.'s Mot. to Remand, Case No. 20-4547, ECF No. 3, at ¶ 32).  The statutes governing removal articulate no such waiver principle.  *See* 28 U.S.C. §§ 1332, 1441, 1446.

Fourth, it hardly bears pointing out that this Court can and routinely does apply Pennsylvania state substantive law.

Because Plaintiff's arguments against removal and in favor of remand all lack merit, the Court shall deny his motion seeking to return case number 20-4547 to the Philadelphia Court of Common Pleas.

**III.    THE VENTURES' MOTION TO CONSOLIDATE**

The Ventures move, unopposed, to consolidate case number 20-4547 with case number 19-5686.  (Ventures' Mot. to Consol., Case No. 20-4547, ECF No. 2).  Pursuant to Federal Rule of Civil Procedure 42(a)(2), the Court may consolidate actions that "involve a common question of law or fact . . . ."  FED. R. CIV. P. 42(a)(2).  The "[c]ommon questions of law and fact do not have to predominate.  All that is required is that the district court find they exist and that consolidation will prove beneficial."  *Gholson v. Sheeder*, Nos. 18-1280, 18-1451, 2019 WL 5578866, at *2 (W.D. Pa. Oct. 29, 2019) (quoting 8 MOORE'S FEDERAL PRACTICE – CIVIL § 42.10[1][a]).  Where common questions exist, "courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases."  *Id.* (quoting *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018)).

I find that common questions of law and fact exist. Plaintiff brings the same claims against Defendants based upon the same accident. (*Compare* Compl., Case No. 19-5686, ECF No. 1, *with* Compl., Case No. 20-4547, ECF No. 1). Plaintiff asserts that he suffered injuries due to Defendants' negligence when he slipped and fell in the shower area of the men's locker room of a fitness club operated by Fitness and located on premises owned by the Ventures. (Compl., Case No. 19-1586, ECF No. 1, at ¶¶ 1, 4-6; Compl., Case No. 20-4547, ECF No. 1, at ¶ 7). In light of these common questions, consolidation of these matters will "streamline and economize" proceedings and help "to avoid duplication of effort." *In re TMI Litig.*, 613, 724 (3d Cir. 1999) (citation omitted). Accordingly, I shall grant the Ventures' motion and consolidate the cases under case number 19-5686.

## IV. PLAINTIFF'S MOTION TO EXTEND

Plaintiff moves, unopposed, to extend all deadlines in case number 19-5686. (Pl.'s Mot. to Compel and Extend, ECF No. 30, at ¶ 39; Fitness's Resp. and Cross-Motion, ECF No. 31, at ¶ 39). The Court notes that the discovery and dispositive motion deadlines in this case have passed, even though both parties clearly require additional discovery. In addition, the Court has not yet entered a scheduling order in case number 20-4547. Accordingly, the Court shall issue an amended scheduling order in the consolidated matter allowing the parties additional time for discovery and dispositive motions.[5]

---

[5] Fitness filed a motion for summary judgment at the dispositive motion deadline, to which Plaintiff has not filed a response. (Fitness's Mot. for Summ. J., Case No. 19-5686, ECF No. 36). The Court will deny this motion without prejudice to refile consistent with the amended scheduling order.

## V.     CROSS-MOTIONS TO COMPEL

Plaintiff and Fitness have also filed cross-motions to compel depositions.  (Pl.'s Mot. to Compel and Extend, Case No. 19-5686, ECF No. 30; Fitness's Resp. and Cross-Motion, Case No. 19-5686, ECF No. 31).  Plaintiff seeks the depositions of two fact-witness employees of Fitness, Christopher Langendorf and Patrick Swank; the individual who verified Fitness's discovery responses, Christy Pham; and a corporate designee.  (Pl.'s Mot. to Compel and Extend, Case No. 19-5686, ECF No. 30, at ¶¶ 5, 7; Fitness's Resp. and Cross-Motion, Case No. 19-5686, ECF No. 31, at 19 ¶ 3).  Fitness seeks the deposition of Plaintiff.  (Fitness's Resp. and Cross-Motion, Case No. 19-5686, ECF No. 31, at 21 ¶¶ 1-9).

Although Plaintiff and Fitness oppose each other's motions, neither actually argues that any of the opposing party's requested depositions are entirely objectionable such that any deponent should not be produced.[6]  (*See* Fitness's Reply, Case No. 19-5686, ECF No. 33, at 2 ("As a general statement, the scope of discovery is not in dispute . . . .  Fitness has not categorically refused to produce witnesses for depositions.")).  Rather, it appears that these depositions did not take place primarily because the parties disagreed as to whether the Court intended depositions to proceed while the parties' motions to remand and consolidate remained pending.[7]  (Pl.'s Mot. to Compel and Extend, Case No. 19-5686, ECF No. 30, at ¶¶ 13, 35;

---

[6] Fitness objects to some of the proposed topics for the deposition of its corporate designee, but it does not deny that it must produce one as required by Federal Rule of Civil Procedure 30(b)(6).  (Fitness's Resp. and Cross-Motion, Case No. 19-5686, ECF No. 31, at 13-16 ¶ 28).  I shall address the dispute as to the scope of the corporate designee deposition(s) in the context of Fitness's motion for a protective order.

[7] Plaintiff alleges that Fitness "took issue" with his request to depose Pham, but Fitness responds that its indication to Plaintiff that she lacks personal knowledge of the incident and club at issue "was not an indication that her deposition would be refused."  (Pl.'s Mot. to Compel and Extend, Case No. 19-5686, ECF No. 30, at ¶ 7; Fitness's Resp. and Cross-Motion, Case No. 19-5686, ECF No. 31, at 7 ¶ 7).

Fitness's Resp. and Cross-Motion, Case No. 19-5686, ECF No. 31, at 9-10 ¶¶ 11, 13). By entry of the order accompanying this memorandum, the Court has now addressed those motions. In light of the forthcoming extension of the discovery deadline, and the lack of any disagreement between the parties as to whether Langendorf, Swank, Pham, Fitness's corporate designee(s) and Plaintiff are proper deponents in this matter, I shall deny the cross-motions to compel depositions. The parties shall cooperate in the scheduling of depositions consistent with the amended scheduling order and the Federal Rules of Civil Procedure.

## VI.     FITNESS'S MOTION FOR A PROTECTIVE ORDER

Lastly, Fitness moves for a protective order limiting the areas of inquiry for the deposition(s) of its corporate designee(s).[8] (Fitness's Resp. and Cross-Motion, Case No. 19-5686, ECF No. 31, at 18-20 ¶¶ 1-16). It maintains that much of the information Plaintiff seeks is irrelevant, has already been provided, or is obtainable through less burdensome means, such as written interrogatories or the testimony of Fitness's employee fact-witnesses. (*Id.* at 19, ¶ 6). Fitness complains that the proposed topics will require it to produce multiple corporate designees in this standard slip-and-fall case. (*Id.* at ¶ 14). Plaintiff responds that the requested deposition testimony is reasonable and that Fitness cannot avoid producing a corporate designee to testify on a topic on the basis that it also provided written discovery on the topic. (Pl.'s Resp., Case No. 19-5686, ECF No. 35, at ¶¶ 2, 6).

---

[8] Fitness's proposed protective order also releases it from producing documents related to the challenged topics at the deposition(s). (Fitness's Proposed Pro. Order, Case No. 19-5686, ECF No. 31, at 3). Fitness's motion for a protective order does not separately address Plaintiff's requests for documents, although it provided Plaintiff with objections in discovery. (Sept. 14, 2020 Ltr., Case No. 19-1586, ECF No. 30-4, at 5; *see generally* Fitness's Resp. and Cross-Motion, Case No. 19-5686, ECF No. 31, at 18-20 ¶¶ 1-16). Fitness shall produce documents at the deposition(s) consistent with the Court's rulings as to the challenged deposition topics.

"[T]he party seeking discovery must first demonstrate relevance before the party seeking a protective order must demonstrate good cause." *Bell v. Lockheed Martin Corp.*, 270 F.R.D. 186, 195 (D.N.J. 2010), *aff'd*, No. 08-6292, 2010 WL 3724271 (D.N.J. Sept. 15, 2010). Pursuant to Federal Rule of Civil Procedure 26(b)(1), a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). Relevant information sought in discovery need not be admissible at trial, as long as it "appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Relevance is generally "construed broadly to encompass any matter that could bear on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Funds v. Sanders*, 437 U.S. 340, 351 (1978). While generally liberal, permissible discovery is not without limitations. Discovery should not serve as a fishing expedition. *Upshaw v. Janssen Res. & Dev., LLC*, No. 11-7574, 2014 WL 1244047, at *3 (E.D. Pa. Mar. 26, 2014).

Once the discovering party demonstrates relevance, a party seeking a protective order must show that good cause exists to limit or foreclose discovery by demonstrating a particular need for protection. *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986). In determining whether good cause exists for a protective order, courts employ a balancing test, weighing the requesting party's need for information against the injury that might result if disclosure is compelled. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786-87 (3d Cir. 1994) (citation omitted). Injury includes annoyance, embarrassment, oppression, or undue burden or expense. *See* FED. R. CIV. P. 26(c)(1). The alleged injury must be "so unreasonable as to justify restricting discovery." *DeFelice v. Consol. Rail Corp.*, 124 F.R.D. 603, 604 (W.D. Pa. 1989) (citing 8 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE §

9

2035 (1970)). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning," do not establish good cause. *Cipollone*, 785 F.2d at 1121.

The Court addresses each disputed deposition topic below:

1. Defendants' [Fitness and dismissed former defendant Fitness and Sports Clubs, LLC ("Sports")] relationships to each other, including any contractual or agency relationships.

Plaintiff seeks to pose questions about other named entities and Fitness's relationship with them, noting that if there is no relationship the designee may so answer. Fitness responds that Plaintiff dismissed Sports because he did not dispute that it had no involvement with the subject club. Plaintiff does not advance any other argument on this point. Plaintiff has failed to make a threshold showing of relevance. *See Bell*, 270 F.R.D. at 195. Fitness's relationship with Sports, if any, is irrelevant because Sports had no involvement in the incident at issue. Fitness's request for a protective order as to this line of questioning is granted.

2. Defendants' relationship to Bally's Total Fitness [("Bally's")].
3. Defendants' policies and procedures regarding accepting Bally's Total Fitness members.
4. Information pertaining to the transition from Bally's Total Fitness to L.A. Fitness.

Plaintiff seeks to ask questions on these three related topics because he was a lifetime member of Bally's, and Fitness took over his Bally's club. He maintains that he should be permitted to explore the relationship between Fitness and Bally's, limited to the subject club and the transfer of any Bally's memberships. He argues that these topics are relevant to his defense to the application of certain terms in his Fitness membership agreement because he was required to sign that agreement or lose his Bally's lifetime membership. Fitness responds that Bally's no longer exists and that Plaintiff's Fitness membership predates Fitness's acquisition of Bally's assets by two years. It claims that it served Plaintiff with written discovery regarding his Bally's

membership only to demonstrate its irrelevance after Plaintiff put the membership at issue in response to written discovery about his Fitness membership.

Plaintiff may depose Fitness's designee on these topics, subject to the limitations he sets forth above. Without prejudging the merits of Plaintiff's substantive arguments, the relationship between Fitness and Bally's as it relates to the transfer of memberships could prove relevant to the applicability or enforceability of Plaintiff's Fitness membership agreement. The fact that Bally's no longer exists and that Fitness acquired Bally's after Plaintiff executed his Fitness membership agreement does not demonstrate the proposed topics' irrelevance. Fitness's request for a protective order as to this line of questioning is granted.

6. Defendants' relationship with Seventh Venture, LLC, including but not limited to any and all contracts, agreements and/or leases entered into for the premises located at 500 Rock Hill Drive, Bensalem, PA.

7. Defendants' relationship with Eighth Venture, LLC, including but not limited to any and all contracts, agreements and/or leases entered into for the premises located at 500 Rock Hill Drive, Bensalem, PA.

Plaintiff notes that Ventures have moved to consolidate the case against them with Plaintiff's case against Fitness. He asserts that he is entitled to know the relationship between the co-defendants and any "ownership, control, or maintenance responsibilities" the Ventures have for the subject premises. Fitness responds that it has produced the lease for the premises, which clearly shows that Fitness, not the Ventures, is responsible for the operation and maintenance of the interior of the club. It contends that Seventh, which no longer exists, is not a party to the lease and, further, that Fitness could more efficiently provide the information through written discovery.

Plaintiff may depose the corporate designee of Fitness as to its relationship with Eighth, only, insofar as it relates to the lease or any other written agreements regarding the subject premises. Seventh ceased to exist in 2005, and any relationship between Fitness and Eighth not

relating to the premises is irrelevant. However, Plaintiff is entitled to ask questions of Fitness about the lease or any other agreement with Eighth pertaining to the premises. The Court does not opine on whether such testimony will prove relevant to any claim or defense, but it cannot conclude at this juncture that it will not. *See Oppenheimer Funds*, 437 U.S. at 351 (relevance includes matters "that could bear on[ ] any issue that is or may be in the case").

Further, although Federal Rule of Civil Procedure 33(d) allows a party responding to interrogatories to produce business records in lieu of substantive answers under certain circumstances, Fitness cites no authority for the proposition that a corporate designee may produce business records or other documents in lieu of his or her deposition. *See* FED. R. CIV. P. 33(d). In addition, Rules 30 and 31 give the deposing party the choice of whether to proceed via oral or written examination. *See* FED. R. CIV. P. 30-31. Rule 30(b)(2), cross-referencing Rule 34, provides that the deposing party may require a party deponent to produce documents at the deposition, but neither rule provides that the deponent may produce documents in lieu of sitting for the deposition. *See* FED. R. CIV. P. 30, 34. Fitness's request for a protective order as to this line of questioning is denied.

11. Information pertaining to the architectural and engineering reports used in the design, construction, maintenance, repairs, and inspection of the L.A. Fitness located at 500 Rock Hill Drive, Bensalem, PA.

12. Information pertaining to the architectural and engineering reports used in the design, construction, maintenance, repairs, and inspection of the men's locker room located within the L.A. Fitness located at 500 Rock Hill Drive, Bensalem, PA.

Plaintiff argues that this information is relevant because he claims the men's locker room was defectively designed. Fitness agrees that the information is relevant but objects that the request for this testimony is vague, unclear and available through less burdensome means. The Court disagrees that the requests, which specify the type and use of the reports at issue for the

subject premises, are vague or unclear.  Fitness does not explain what "less burdensome means" Plaintiff must use, but presumably it refers to a document production or some other form of written discovery like interrogatories or a deposition upon written questions.  *See* FED. R. CIV. P. 31, 33-34.  As noted above, Plaintiff is not required to pursue written discovery to the exclusion of a deposition.  However, the Court agrees that requiring testimony on these topics, as currently formulated, would pose an undue burden on Fitness.  Thus, Plaintiff may inquire about architectural and engineering reports, but such inquiries must relate to the allegedly hazardous condition in the shower and/or immediately adjacent areas of the men's locker room at the subject club in the last five years.  Fitness's request for a protective order as to this line of questioning is denied, subject to the limitations set forth herein.

        13.     Knowledge of the incident giving rise to the Complaint.

Plaintiff agrees that Fitness does not need to produce a corporate representative to testify on this topic if Swank, who has personal knowledge of the incident, testifies as the representative of Fitness.  Fitness responds that Swank, as a fact witness, will testify in his personal capacity.  However, Plaintiff is entitled to "[a] designee [who] 'is not simply testifying about matters within his or her personal knowledge, but rather is speaking for the corporation about matters to which the corporation has reasonable access.'"  *In re Linerboard Antitrust Litig.*, 237 F.R.D. 373, 382 (E.D. Pa. 2006) (quoting *Rainey v. Am. Forest & Paper Ass'n, Inc.*, 26 F. Supp. 2d 82, 94 (D.D.C. 1998)) (additional citation and quotation omitted).  If Fitness does not wish to produce Swank as its corporate designee for this topic, "Rule 30(b)(6) obligates the corporation 'to prepare its designee to be able to give binding answers' on its behalf." *Id.* (quoting *Ierardi v. Lorillard, Inc.*, No. 90-0749, 1991 WL 158911, at *3 (E.D. Pa. Aug.13, 1991)).  "In terms of witness preparation, the corporation is required to perform a 'reasonable inquiry for information.'" *Id.* (quoting *Beloit Liquidating Tr. v. Century Indem. Co.*, No. 02 C 50037, 2003

WL 355743, at *2 (N.D. Ill. Feb.13, 2003)). Fitness's request for a protective order as to this line of questioning is denied.

      14.    Information pertaining to other similar incidents as the events giving rise to the Complaint.

Plaintiff argues that he may ask about prior similar incidents because they would have placed Fitness on notice of the hazardous condition in the shower area of the men's locker room. Fitness responds that it has already provided answers to interrogatories stating that no similar incidents occurred at the subject club in the last five years and that the request is overbroad insofar as it provides no time period and specifies no location. As noted, Fitness's participation in written discovery does not excuse it from producing a corporate designee. However, Plaintiff's request, unlimited as to time or location, is overbroad and unduly burdensome. Fitness's corporate representative shall be prepared to certify that no similar incidents occurred at the subject club in the last five years. Assuming that the witness so testifies, Plaintiff shall ask no further questions regarding similar incidents. Fitness's request for a protective order as to this line of questioning is granted, subject to the limitations set forth herein.

      15.    Information pertaining to the decision to make any changes and/or modifications to the L.A. Fitness located at 500 Rock Hill Drive, Bensalem, PA.

      16.    Information pertaining to the decision to make any changes and/or modifications to the men's locker room located within the L.A. Fitness located at 500 Rock Hills Drive, Bensalem, PA.

Plaintiff argues that he may ask about changes or modifications to the subject club, especially if they pertain to hazardous conditions like those resulting in his slip and fall. Fitness responds that it has produced written discovery on the maintenance performed at the club and that Plaintiff must limit his deposition questions to that information. It objects that providing testimony beyond that concerning maintenance is unduly burdensome.

Plaintiff need not content himself with written discovery in lieu of deposition testimony. However, the Court agrees that requiring testimony on these topics, as currently formulated, would pose an undue burden on Fitness. Thus, Plaintiff may inquire about other changes and modifications, but such inquiries must relate to the allegedly hazardous condition in the shower and/or immediately adjacent areas of the men's locker room at the subject club in the last five years. Fitness's request for a protective order as to this line of questioning is denied, subject to the limitations set forth herein.

17. Defendants' Incident Record retention policy.

Plaintiff incorrectly states that Fitness does not object to this topic. In fact, Fitness objects that the topic seeks confidential and proprietary information. It argues that it produced the Incident Report for Plaintiff's accident pursuant to a confidentiality agreement and that Plaintiff does not allege Fitness failed to document the incident properly. Lastly, it objects that the topic is burdensome and seeks irrelevant information because it has answered in discovery that no similar incidents occurred in the men's locker room at this club in the five years prior to Plaintiff's incident.

"Document retention policies have been held discoverable in other cases." *Nike, Inc. v. Brandmania.com, Inc.*, No. Civ.A. 00–5148, 2002 WL 32348549, at *12 (E.D. Pa. Oct. 7, 2002) (citing *Muhl v. Tiber Holding Corp.,* Civ. A. No. 95–5284, 1997 WL 13680 (E.D. Pa. Jan.9, 1997); *In re "Agent Orange" Prod. Liab. Litig.*, 98 F.R.D. 558 (S.D.N.Y.1983)). Information about Fitness's document retention policy may allow Plaintiff to determine whether the designee would have the necessary documentation to know of similar incidents in the past five years. The other concern raised by Defendant – confidentiality – can be addressed by directing that the court reporter mark this portion of the deposition transcript confidential. Fitness's request for a protective order as to this line of questioning is denied.

## VII. CONCLUSION

For the foregoing reasons, the Court denies Plaintiff's Motion for Remand. It grants Ventures' Motion to Consolidate. The clerk shall consolidate case number 20-4547 under case number 19-5686. The Court grants in part and denies in part Plaintiff's Motion to Compel Depositions and Extend Deadlines. The Court grants the motion insofar as it seeks to extend deadlines; accordingly, the Court will issue an amended scheduling order.[9] The Court denies the motion in all other respects. The Court also grants in part and denies in part Fitness's Cross-Motion for a Protective Order and to Compel Plaintiff's Deposition. The Court denies the motion insofar as it seeks to compel Plaintiff's deposition. The Court grants in part and denies in part the remainder of the motion. Fitness shall be protected from producing a corporate designee to testify and provide documents consistent with this memorandum.

BY THE COURT:

/s/ Lynne A. Sitarski
LYNNE A. SITARSKI
United States Magistrate Judge

---

[9] The Court will also deny Fitness's Motion for Summary Judgment without prejudice. (Fitness's Mot. for Summ. J., Case No. 19-5686, ECF No. 36).