IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HERBERT RIFKIN,** | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| | : | |
| v. | : | No.: 19-cv-5686 |
| | : | |
| **FITNESS INTERNATIONAL, LLC d/b/a** | : | |
| **LA FITNESS,** | : | |
| Defendant. | : | |
| **HERBERT RIFKIN,** | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| | : | |
| v. | : | No.: 20-cv-4547 |
| | : | |
| **SEVENTH VENTURE, LLC, et al.,** | : | |
| Defendants. | : | |

### MEMORANDUM OPINION

**LYNNE A. SITARSKI**
**UNITED STATES MAGISTRATE JUDGE**                                         June 15, 2022

Presently pending before the Court is Defendants Seventh Venture, LLC and Eighth Venture, LLC's Motion for Summary Judgment (Mot. for Summ. J., ECF No. 21), Plaintiff's Response thereto (Resp., No. 19-5686, ECF No. 62),[1] and Defendants' Reply in support of their motion (Reply, ECF No. 22). For the reasons that follow, Defendants' motion is **GRANTED**.

**I.        FACTS[2]**

---

[1] Plaintiff filed his Response to Defendants' Motion on the docket of Civil Action No. 19-cv-5686 against Defendant Fitness International, which has been consolidated with this case. (ECF No. 12; No. 19-5686, ECF No. 42).

[2] As required at this stage of the proceedings, the Court views the evidence in the light most favorable to Plaintiff as the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962)).

Fitness International, d/b/a LA Fitness, is a gym chain that operates clubs across the United States and Canada. At all relevant times, Fitness International leased a facility located at 500 Rock Hill Drive, Bensalem, Pennsylvania from Defendant Eighth Venture, LLC. (Compl., ECF No. 21, Ex. A, at ¶ 6; MacKnight Depo., ECF No. 21, Ex. D, at 12:1–9). On May 10, 2017, Eighth Venture and Fitness International signed an amendment to the lease agreement extending Fitness International's lease on the property. (Safchick Depo., ECF No. 21, Ex. E, at 17:10–18). The amendment also required Eighth Venture to provide Fitness International with approximately $615,000.00 as a tenant allowance to be used for Fitness International's planned renovations to the inside of the facility, including the men's locker room. *Id.* The amendment did not require Eighth Venture to approve Fitness International's renovations, but did require Fitness International to provide Eighth Venture with lien waivers and an accounting of the funds spent after the renovations were complete. *Id.* at 17:1–9. After the amendment was signed and finalized, the renovation process began but was delayed due to permit issues. (Resp., ECF No. 62, at 19). In July of 2018, Fitness International replaced the tiles in the men's locker room with non-slip tiles. (Swank Depo., ECF No. 62, Ex. A, at 49:13–24, 50:1–24, 51:1–14).

Prior to that, on December 22, 2017, Plaintiff visited the Bensalem LA Fitness location. (Compl., ECF No. 21, Ex. A, at ¶ 5). While attempting to open a door between the dry and wet areas of the men's locker room, Plaintiff slipped and fell on an unknown substance. *Id.*; Pl.'s Depo, No. 19-5686, ECF No. 60, Ex. E, at 82:7–15. As a result of the fall, Plaintiff suffered injuries including large hemarthrosis, prepatellar edema and hemorrhage, ruptured/torn quadriceps tendon, cystic lesion within the patellar tendon, and aggravation of preexisting coronary artery disease. (Compl., ECF No. 21, Ex. A, at ¶ 26).

## II. PROCEDURAL HISTORY

Plaintiff commenced this action by filing a Writ of Summons in the Court of Common Pleas of Philadelphia County against Seventh Venture, LLC and Eighth Venture, LLC, then filed a Complaint on August 20, 2020. (Compl., ECF No. 1, Ex. A). The Complaint set forth the following counts:

(1) Negligence, premises liability against Seventh Venture, LLC; and

(2) Negligence, premises liability against Eighth Venture, LLC.

*Id.* at Counts I-II.

On September 17, 2020, Defendants removed the case to federal court. (ECF No. 1). On September 22, 2020, Defendants filed a Motion to Consolidate this case with *Rifkin v. Fitness Int'l LLC d/b/a LA Fitness, et al.*, No. 19-cv-5686. (ECF No. 2). Meanwhile, on September 28, 2020, Plaintiff filed a Motion to Remand. (ECF No. 3). On January 15, 2021, the parties consented to my jurisdiction and the Honorable Judge C. Darnell Jones referred this case to me. (ECF No. 10). On March 19, 2021, this Court issued an Order denying Plaintiff's Motion to Remand and granting Defendants' Motion to Consolidate. (ECF No. 12).

On October 22, 2021, Defendants filed the instant Motion for Summary Judgment. (Mot. for Summ. J., ECF No. 21). On November 12, 2021, Plaintiff filed a Response in Opposition to the motion (Resp., No. 19-5686, ECF No. 62), and on November 19, 2021, Defendants filed their Reply. (Reply, ECF No. 22).

## III. LEGAL STANDARD

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P.

56(a).  A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).  An issue is "genuine" if there is sufficient evidence from which a jury could find in favor of the non-moving party.  *Id.*  It is not the court's role to weigh the disputed evidence and decide which is more probative, or to make credibility determinations.  Rather, the court must consider the evidence, and all reasonable inferences which may be drawn from it, in the light most favorable to the non-moving party.  *Matsushita Elec. Indus. Co.*, 475 U.S. at 587-88 (citation omitted); *Tigg Corp. v. Dow Corning Corp.*, 822 F.2d 358, 361 (3d Cir. 1987).  If a conflict arises between the evidence presented by both sides, the court must accept as true the allegations of the non-moving party, and "all justifiable inferences are to be drawn in his favor."  *Anderson*, 477 U.S. at 255.

The moving party bears the initial burden of demonstrating that there is no genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  Once the moving party carries this initial burden, the non-moving party must "come forward with specific facts showing there is a genuine issue for trial."  *Matsushita Elec. Indus. Co.*, 475 U.S. at 587.  The non-moving party must present something more than mere allegations, general denials, vague statements, or suspicions.  *Trap Rock Indus., Inc. v. Local 825, Int'l Union of Operating Eng'rs*, 982 F.2d 884, 890 (3d Cir. 1992); *Fireman's Ins. Co. of Newark v. DuFresne*, 676 F.2d 965, 969 (3d Cir. 1982).  Instead, the non-moving party must present specific facts and "affirmative evidence in order to defeat a properly supported motion for summary judgment."  *Anderson*, 477 U.S. at 257.  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  *Id.* at 249-50.  If the non-moving party has the burden of proof at trial, then that party must establish the existence of each

element on which it bears the burden.  *Celotex Corp.*, 477 U.S. at 322-23.

## IV. DISCUSSION

Plaintiff raises one claim of negligence against Seventh Venture LLC, and one claim of negligence against Eighth Venture, LLC.  As a preliminary matter, Defendant asserts that Seventh Venture cannot be found liable because it did not exist as an independent entity at the time of Plaintiff's accident, which occurred after its merger with Eighth Venture.  (Mot. for Summ. J., ECF No. 21, at ¶¶ 7–9).  In his Response, Plaintiff concedes that he does not oppose Seventh Venture's Motion for Summary Judgment.  (Resp., ECF No. 62, at ¶¶ 9–11).  Accordingly, because Seventh Venture has shown that it did not owe a duty to Plaintiff at the time of the accident, Seventh Venture's Motion for Summary Judgment will be granted.

Plaintiff, however, maintains that Eighth Venture was negligent as the landlord of the property where Plaintiff's accident occurred.  *Id.* at ¶¶ 5–7.  To prevail on a negligence claim under Pennsylvania law, "a plaintiff 'must show that the defendant had a duty to conform to a certain standard of conduct, that the defendant breached that duty, that such breach caused the injury in question, and actual loss or damage.'"  *Berrier v. Simplicity Mfg., Inc.*, 563 F.3d 38, 61 (3d Cir. 2009) (quoting *Phillips v. Cricket Lighters*, 841 A.2d 1000, 1008 (Pa. 2003)).  Where an owner of real estate has leased parts of a building to several different tenants, but retains possession and control of common areas and passageways, liability for maintaining such common areas rests with the landlord.  *Speer v. Barry*, 503 A.2d 409 (Pa. Super. 1985); Restatement of Torts, Second, § 360.  However, a landlord out of possession generally owes no duty to third parties who are injured on the leased premises.  *Jones v. Levin*, 940 A.2d 451, 454 (Pa. Super. 2007).  A landlord out of possession may incur liability only:

5

> (1) if [the landlord] has reserved control over a defective portion of the demised premises; (2) if the demised premises are so dangerously constructed that the premises are a nuisance per se; (3) if the lessor has knowledge of a dangerous condition existing on the demised premises at the time of transferring possession and fails to disclose the condition to the lessee; (4) if the landlord leases the property for a purpose involving the admission of the public and he neglects to inspect for or repair dangerous conditions existing on the property before possession is transferred to the lessee; (5) if the lessor undertakes to repair the demised premises and negligently makes the repairs; or (6) if the lessor fails to make repairs after having been given notice of and a reasonable opportunity to remedy a dangerous condition existing on the leased premises.

*Henze v. Texaco Inc.*, 508 A.2d 1200, 1202 (Pa. Super. 1986).

Here, Defendant Eighth Venture argues that it did not owe a duty of care to Plaintiff because it was only responsible for the common areas of the property, which did not include the men's locker room where Plaintiff fell. (Mot. for Summ. J., ECF No. 21, Ex. A, at 6–7). In response, Plaintiff argues that Defendant nevertheless exercised control over the area because it had contributed funds through a new lease agreement to Fitness International's renovation of the locker rooms. (Resp., ECF No. 62, Ex. A, at 25). Plaintiff further asserts that these renovations were delayed because Defendant withheld the costs and/or would not approve the lease renewal agreement. *Id.* As a result, Plaintiff claims that Defendant contributed to the alleged dangerous conditions that caused Plaintiff's fall. *Id.*

Plaintiff's argument is unpersuasive. First, as Defendant notes, the lease agreement between Defendant and Fitness International stipulates that Defendant would be responsible for repairing and maintaining the common areas of the building and would not have any responsibility or obligation towards any of the structures located within the interior of the LA Fitness gym. (MacKnight Depo., ECF No. 21, Ex. D, at 15:2–23; Safchik Depo, ECF No. 21, Ex. E, at 14:8–24, 15:1–19). The lease, therefore, establishes Defendant as a landlord out of

possession regarding the interior of the LA Fitness where Plaintiff's fall occurred, and Plaintiff does not point to any evidence contradicting this.

Plaintiff's claim that Defendant nonetheless reserved control over the men's locker rooms by contributing to the renovation costs is unavailing. It is true that Defendant contributed a significant portion of the budget for Fitness International's renovations via a tenant allowance included in the amended lease agreement. However, Plaintiff's claim that this delayed the renovations and, by extension, allowed the men's locker room to remain in a hazardous condition until Plaintiff injured himself is without merit. Plaintiff acknowledges that the lease amendment was signed and finalized on May 10, 2017, eight months before Plaintiff's fall, and that after the signing the renovation process was held up due to unrelated "permit issues." (Resp., ECF No. 62, at 24).

Further, this evidence is not sufficient to reasonably support a finding that Defendant reserved control over the inside of the LA Fitness facility. Defendant's corporate designee testified, and Plaintiff does not dispute, that Fitness International is not required to obtain approval or permission from Eighth Venture before performing renovations inside the LA Fitness facility. (Safchik Depo., ECF No. 21, Ex. E, at 15:16–19, 29:1–5). Though Defendant provided some of the funds for this particular renovation through its tenant allowance, the terms of the lease only required Fitness International to provide proof that the money was spent, which would trigger Defendant's obligation to pay. *Id.* at 67:15-22. In accordance with this, Defendant was not aware of any particular renovations to the men's locker room until after those renovations took place. *Id.* at 67:5–10. Because Defendant's permission was not required to remedy the alleged hazardous condition in the locker room, Plaintiff has not shown a genuine dispute as to whether Defendant reserved control over that area. *See Ho-Sue v. Triple Net*

*Investments, XXII L.P.*, No. 20-cv-03639, 2021 WL 427079, at *3 (E.D. Pa. 2021) (finding landlord did not reserve control over parking lot where landlord's permission was not needed to remove snow and ice that caused plaintiff's fall); *cf. Jones v. Levin*, 940 A.2d 451 (Pa. Super. Ct. 2007) (genuine dispute as to whether landlord reserved control existed where landlord's permission was required to remove hazardous condition).

Accordingly, summary judgment is appropriate.

## V.     CONCLUSION

For the foregoing reasons, the Court grants summary judgment in favor of Seventh Venture, LLC and Eighth Venture, LLC.

BY THE COURT:

  /s/ Lynne A. Sitarski
LYNNE A. SITARSKI
United States Magistrate Judge